[660 NYS2d 1]

In the Matter of STEPHEN PODELL (Admitted as STEPHEN D. PODELL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 10, 1997

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stephen Podell was admitted to the practice of law in the State of New York by the First Judicial Department on January 18, 1982. At all times relevant herein and until

September 1996, respondent maintained an office for the practice of law within the First Judicial Department.

By motion returnable May 20, 1997, the Departmental Disciplinary Committee moved for an order immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR), § 603.16 (b) (1) on the ground that respondent is currently physically and mentally incapable of adequately defending himself in this case.

On April 29, 1996, the Departmental Disciplinary Committee received a complaint that respondent had wrongfully delivered to his own clients funds that he was required to hold in escrow for Northstar Aviation. Thereafter respondent issued a check to Northstar knowing that such check would be dishonored because his accounts had been closed.

Respondent claimed that he had permission to release the funds, which Northstar denies. In the interim, another complaint was received from a London-based solicitor, alleging that respondent had forged documents in connection with the same Northstar transaction.

Respondent then retained Ronald G. Russo as his attorney. Mr. Russo advised the Committee that respondent had been in Arizona since September 1996, undergoing intensive treatment for drug and alcohol addiction. Mr. Russo advised that respondent is unable to adequately defend himself against disciplinary proceedings in New York at this time. By letter dated March 3, 1997, respondent's treating physician/psychiatrist confirmed respondent's hospitalization for drug and alcohol abuse and strongly urged that respondent not be called upon to return to New York City at this time "as his sobriety is too fragile to risk exposure to the relapse triggers associated with this defense and being in New York City."

It has, therefore, been established that respondent is currently unable to defend himself adequately in this proceeding because of his addiction to drugs and alcohol (22 NYCRR 603.16 [b] [1]).

Accordingly, the motion of the Disciplinary Committee is granted, and respondent is suspended from the practice of law on the ground of such incapacity for an indefinite period of time and until the further order of this Court.

WALLACH, J. P., NARDELLI, RUBIN, TOM and ANDRIAS, JJ., concur.

Motion granted, respondent suspended from the practice of law in the State of New York, for an indefinite period, effective July 10, 1997, and until the further order of this Court.